```
            DISTRICT COURT OF THE VIRGIN ISLANDS
             DIVISION OF ST. THOMAS AND ST. JOHN

CHRISTIE O'NEIL,                    )
                                    )
          Plaintiff,                )
                                    )
     v.                             )   Civil No. 2012-48
                                    )
DIRECTOR OF THE VIRGIN ISLANDS      )
BUREAU OF INTERNAL REVENUE, and     )
VIRGIN ISLANDS BUREAU OF INTERNAL   )
REVENUE,                            )
                                    )
          Defendants.               )
```

**ATTORNEYS:**

**Christopher Allen Kroblin, Esq.**
**Erika A. Kellerhals, Esq.**
Kellerhals Ferguson Fletcher Kroblin LLP
St. Thomas, VI
    *For Christie O'Neil,*

**Tamika Archer, AAG**
Virgin Islands Department of Justice
St. Thomas, VI
    *For the Director of the Virgin Islands Bureau of Internal*
    *Revenue and the Virgin Islands Bureau of Internal Revenue.*

<u>**ORDER**</u>

**GÓMEZ, J.**

Before the Court is the defendants' motion to dismiss and the plaintiff's motion for an extension of the deadline by which to serve defendants.

    I.    <u>**FACTUAL AND PROCEDURAL HISTORY**</u>

On July 3, 2012, the plaintiff, Christie O'Neil ("O'Neil") filed a complaint against the Virgin Islands Bureau of Internal

Revenue (the "VIBIR").  Attached to the complaint were two summonses.  The summonses were not issued.

The Magistrate Judge entered an order on January 3, 2013, instructing O'Neil to show cause why the complaint should not be dismissed for failure to serve the defendants.  In response, O'Neil filed a document entitled "Affidavit of Service for Summons and Petition on Respondent served on VIBIR." O'Neil also moved for additional time to complete service.  On January 31, 2013, the Magistrate extended the time to complete service on the VIBIR to February 28, 2013.  The Clerk's office issued the two summonses on February 5, 2013. One was issued to the Director of the Virgin Islands Bureau of Internal Revenue.  The other was issued to the "Virgin Islands Bureau of Internal Revenue, courtesy of the Attorney General of the Virgin Islands." (ECF No. 9.)  The summonses were returned executed and affidavits of service were submitted on February 27, 2013.

The VIBIR filed the instant motion to dismiss on March 22, 2013 (the "motion").  The VIBIR asks this Court to dismiss the action pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(4), and 12(b)(5). The motion asserts that this Court lacks jurisdiction over the VIBIR because O'Neil did not properly serve the VIBIR.  Specifically, the VIBIR argues, O'Neil failed

to serve the Governor of the Virgin Islands (the "Governor") timely.

While the motion was pending, on March 25, 2013, O'Neil filed a summons for the Governor. The summons was issued that same day.

On April 10, 2013, O'Neil returned an executed summons for the Governor, as well as an affidavit in which the process server testified to having served the Governor. Thereafter, on April 11, 2013, O'Neil filed an opposition to the motion.

## II. DISCUSSION

Rule 12(b)(5) of the Federal Rules of Civil Procedure permits a motion to dismiss for "insufficiency of service of process." Fed.R.Civ.P. 12(b)(5). In a 12(b)(5) motion, "the party asserting the validity of service bears the burden of proof on that issue." *Grand Entm't Group, Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 488 (3d Cir.1993).

Rule 4 of the Federal Rules of Civil Procedure ("Rule 4") outlines the requirements for service of process on a state or local government, or any other state-created government organization which is subject to suit. "A state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by:(A) delivering a copy of the summons and of the complaint to its

chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Fed. R. Civ. P. 4(j)(2).

Rule 4(m) dictates the timing of service. It states:

> If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4

### III. ANALYSIS

When a party fails to complete service of process within 120 days, Federal Rule of Civil Procedure 4(m) requires "a court to extend time if good cause is shown and . . . allow[s] a court discretion to dismiss or extend time absent a showing of good cause." *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1305 (3d Cir. 1995). In the instant case, O'Neil's time to serve the defendants was extended for good cause to February 28, 2013.[1] By that date, O'Neil served the Director of the VIBIR directly and served the Attorney General of the Virgin Islands. O'Neil did not effectuate service on the Governor by the February 28, 2013,

---

[1] O'Neil contends that the Clerk's office's failure to issue the summons prior to February 5, 2013, means that the 120-day clock began to run on that date. O'Neil cites no support for this proposition, and the Court is unaware of any precedent which supports that conclusion.

deadline. Thus, in order to survive VIBIR's motion, the Court would need to extend the deadline for service.

> District courts conduct a two-part analysis when determining whether to extend the time for service of a summons and complaint. First, the district court must determine whether good cause exists for a plaintiff's failure to effect timely service. If good cause does not exist, the district court must then consider whether to grant a discretionary extension of time.

*Chiang v. U.S. Small Bus. Admin.*, 331 F. App'x 113, 115 (3d Cir. 2009).

In O'Neil's response to the VIBIR's motion to dismiss, O'Neil asserts that "owing to a misapprehension of the service requirements, counsel failed to comply with all the technical requirements for service by failing to serve the Governor of the Virgin Islands as well." (Opp. to Mot. to Dismiss, p. 2, ECF No. 22.) "Failure to understand Rule 4(m) does not excuse [plaintiff's] failure to provide timely service." *Cain v. Abraxas*, 209 F. App'x 94, 96 (3d Cir. 2006). As this is the only basis alleged by O'Neil for why service was not perfected timely, O'Neil has failed to show good cause for an extension.

> Even if good cause is not shown, other factors may warrant an extension of time for service. A district court may consider actual notice of the legal action; prejudice to the defendant; the statute of limitations on the underlying causes of action; the conduct of the defendant; and whether the plaintiff is represented by counsel, in addition to any other factor that may be

>  relevant when deciding whether to grant an extension or dismiss the complaint.

*Chiang v. U.S. Small Bus. Admin.*, 331 F. App'x 113, 116 (3d Cir. 2009)

The first factor the Court considers is actual notice. *See Chiang*, 331 F. App'x at 116. Though the Governor had not yet been served prior to the February 28, 2013, deadline, the Director of VIBIR and the Attorney General had been served. In fact, shortly thereafter the Government of the Virgin Islands filed the instant motion to dismiss. Thus, it seems likely that the Government of the Virgin Islands had actual notice of the impending suit, regardless of service having been made on the Governor. The Court also notes that the defect in service has been cured while this motion was pending, and that the Governor has now been given notice. This factor, therefore, favors O'Neil.

The Court next considers whether the granting of an extension would prejudice the defendant. *See id.* VIBIR asserts that granting the extension would prejudice them, as it interferes with the timely collection of tax monies which they believe properly belong in the Virgin Islands' treasury and forces the VIBIR to defend a suit which would be barred but-for the granting of an extension. VIBIR has not stated how this

action going forward would, in any way, prevent it from being able to collect tax monies. As such, the Court is not persuaded that this constitutes prejudice. It is true that, without the grant of an extension, the VIBIR would not be obligated to defend this claim. However, this is true in every case in which an extension is requested, and is not itself sufficient prejudice to tip the scales. This factor, therefore, favors O'Neil.

The third factor the Court considers is whether the statute of limitations on the plaintiff's claim has run. *See id.* "The running of the statute of limitations may be a factor supporting the discretionary granting of an extension of time to make service under Rule 4(m), but it does not require the district court to extend time for service of process[.]" The statute of limitations underlying O'Neil's cause of action will have run if an extension is not granted and this case is dismissed. *See* V.I. CODE ANN., tit. 33, § 943(a). As such, she would not be able to file this precise claim. In this case, were O'Neil to be barred from asserting her redetermination petition, she would still not be foreclosed from paying the tax and then filing for a refund. *See* 26 U.S.C. § 6511 (allowing petitions for a refund to be filed within 2 years from the time the tax was paid). Thus, to

the extent this factor favors O'Neil, this factor weighs only slightly in her favor.

The fourth factor the Court considers is the behavior of the defendant. *See Chiang*, 331 F. App'x at 116. Based on the record, this does not appear to be a case in which the defendants were evasive and uncooperative. *Cf. United States v. Nuttall*, 122 F.R.D. 163 (D. Del. 1988)(in which the defendant informed the Marshals attempting to serve him that he would not make it easy for them, refused service, and could not be served at his residence despite eighteen attempts). In fact, there is no indication that the Governor was ever unavailable for service. As such, this factor favors the VIBIR.

The fifth factor the Court considers is whether the plaintiff was represented by counsel. *See Chiang*, 331 F. App'x at 116. The Court notes that O'Neil was represented by counsel. This is not an instance of a *pro se* petitioner misreading a complex law. Counsel was available, and had access to the Federal Rules of Civil Procedure. As such, this factor favors the VIBIR. *See id.* (considering that plaintiff had counsel and had still failed to properly serve the defendant in dismissing the plaintiff's action).

In looking at the factors considered by the Third Circuit, and all relevant information, the scales are tipped in O'Neil's

O'Neil v. V.I. Bureau of Internal Revenue
12-cv-48
Order
Page 9

favor. The only factors favoring the VIBIR are its behavior and availability for service and the fact that O'Neil has counsel. The other three factors all favor O'Neil.

The premises considered, it is hereby

**ORDERED** that the VIBIR's Motion to Dismiss is **DENIED;** it is further

**ORDERED** that O'Neil's motion for an extension of the date by which to serve defendants is **GRANTED**; and it is further;

**ORDERED** that O'Neil's deadline by which to serve the Governor is extended *nunc pro tunc* to April 10, 2013.

S\_____
       **CURTIS V. GÓMEZ**
       **District Judge**